
DA 11-0146

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 268N

MICHAEL S. ROGERS, d/b/a MIKE'S PC PARTS,

       Plaintiff and Appellant,

  v.

GERALD and CONNIE BAUM,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 09-1320
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael S. Rogers (Self-Represented), Worden, Montana

      For Appellee:

          Melanie Logan Rimel, Dale R. Mrkich, Rimel & Mrkich, PLLP,
Billings, Montana

                   Submitted on Briefs:  October 19, 2011

                           Decided:  October 31, 2011

Filed:

                       _____
                                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Michael S. Rogers d/b/a Mike's PC Parts (Rogers), a self-represented litigant, appeals from the Order of the Thirteenth Judicial District Court, Yellowstone County, dated February 8, 2011. The District Court affirmed a Yellowstone County Justice Court jury verdict in favor of Gerald and Connie Baum (Baums), and affirmed the Justice Court's award of attorney's fees to Baums.

¶3     By way of a very brief background, Baums befriended and became acquainted with Rogers in 2007. Baums assisted Rogers in a variety of tasks, provided him financial assistance, and purchased goods for him. During a dinner conversation one evening, Gerald Baum wondered whether his laptop computer, worth about $100, could be fitted with a wireless network card. Rogers volunteered to install the card, and he took the computer. Some six to eight weeks later, Rogers returned the computer to Baums in essentially the same condition as he had received it—sans wireless capability. And, in fulfillment of the truism that "no good deed goes unpunished," Rogers sent Baum a bill for $600 for "repairs" to the computer. When Baums declined to pay, Rogers filed suit in Justice Court. He has now lost a bench trial in Justice Court, and, following remand for a

2

jury trial as a result of his first appeal to District Court, he has lost a jury trial in Justice Court as well. Rogers appealed to the District Court a second time, and, not prevailing there, he now appeals the District Court's decision to this Court.

¶4 We have reviewed the record in this matter and the District Court's thorough Order discussing this case in detail. As the District Court notes, the jury determined, among other things, that the parties did not contract for the repair of Baums' computer. It is apparent from the District Court's order that she carefully reviewed the record from the Justice Court and the briefs on appeal submitted by Rogers and Baums.

¶5 As the District Court correctly observed, an appellate court's review of a jury verdict in a civil case is necessarily limited, out of deference to the jury's constitutionally sanctioned decisional role. *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 2008 MT 2, ¶ 87, 341 Mont. 33, 174 P.3d 948. The appellate court's task on review is simply to determine whether the verdict is supported by substantial credible evidence, which is defined as evidence that a reasonable mind might accept as adequate to support a conclusion. *Mont. Petroleum*, ¶ 87. Having reviewed the Justice Court record under that standard of review, the District Court properly credited the jury's verdict. We agree with the District Court's assessment. As for the matter of attorney's fees, the District Court, viewing the totality of the procedural and factual circumstances of this case, found that the Justice Court did not abuse its discretion in awarding attorney's fees to Baums based on Rogers' frivolous and threatening pleas, responses, discovery demands, and other motions. Again, we find no fault with the District Court's decision.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court applied the correct standards of review of the Justice Court jury verdict and the Justice Court's award of attorney's fees to Baums. The record before us supports the District Court's order.

¶7     Affirmed.


                                        /S/ JAMES C. NELSON


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS